UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

                          Plaintiff,

        v.

MIGUEL BALDERRAMA,

                          Defendants.

Case No. C17-6066-BHS-TLF

AMENDED[1] ORDER TO SHOW
CAUSE OR AMEND THE
COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[2]

Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the

complaint discussed herein, however, the undersigned will not direct service of the complaint at

this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show

cause why the complaint should not be dismissed or to file an amended complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges he had recently been diagnosed with diabetes when he was booked into

Pierce County Jail on March 9, 2017. Dkt. 1, at 1-4. Plaintiff alleges he was given insulin twice

between March 9, 2017 and April 3, 2017. *Id.* Plaintiff indicates that, because he had only

recently been diagnosed with diabetes, he was unaware that blood checks need to be done at least

---

[1] The Court issued the original Order to Show Cause in this case on March 26, 2018 (Dkt. 10).
The Order sent to the plaintiff was returned to the Court as undeliverable to plaintiff's address on
April 2, 2018 (Dkt. 11). The plaintiff has now updated his address with the Court. Accordingly,
the Court issues the instant Amended Order to Show Cause with a revised deadline in order to
allow plaintiff sufficient time to respond.

[2] Dkt. 1-1.

AMENDED0F  ORDER TO SHOW CAUSE OR AMEND
THE COMPLAINT - 1

twice a day and he had no reason to doubt the treatment given from the Jail's clinic. *Id.* Plaintiff

contends that on November 6, 2017, he went to an outside medical provider and learned that he

was supposed to have been receiving insulin and having his blood checked twice a day. *Id.*

Plaintiff contends Pierce County Jail clinic has failed to meet his needs medically. *Id.* He

contends he went approximately 8 months without insulin. *Id.* He alleges that on November 10,

2017, he asked a nurse to check his blood sugar level during a Medpass and that his blood sugar

levels were 260 and the following day were 240 which he indicates is far too high. *Id.* Plaintiff

indicates the nurse alerted the clinic who put him on blood sugar check twice a day and insulin.

*Id.* Plaintiff alleges he now suffers from loss of quality of eye sight. *Id.* Plaintiff contends that

when he spoke to Dr. Balderrama, he stated that plaintiff's blood sugar was "good" and that he

"changed it from the outside doctor's advice to give insulin." *Id.* Plaintiff states that even though

Dr. Balderrama indicated his blood sugar was "fine" he has been insulin dependent since

bringing to Dr. Balderrama's attention that his sugar levels were high and not being monitored.

*Id.* Plaintiff indicates he is now receiving insulin and blood sugar checks twice a day. *Id.* Plaintiff

further describes the medical care he has been receiving as "reckless and wanton." *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any

time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228

(9th Cir. 1984).

1      Before the Court may dismiss the complaint as frivolous or for failure to state a claim,

2 though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and

3 an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

4 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

5 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend

6 need not be granted "where the amendment would be futile or where the amended complaint

7 would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

8      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

9 complained of was committed by a person acting under color of state law, and (2) the conduct

10 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

11 United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate

12 avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v.*

13 *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

14 **A.**     **Inadequate Medical Care**

15      Based on his complaint, it appears plaintiff seeks to allege a violation of his Eighth

16 Amendment or Fourteenth Amendment rights. The Eighth Amendment proscribes deliberate

17 indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct.

18 285, 50 L.Ed.2d 251 (1976). When a claim of inadequate medical care is brought by a pretrial

19 detainee, the claim arises under the Due Process Clause of the Fourteenth Amendment.

20 *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010); *Simmons v.*

21

22

23

24

25

1   *Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). The claim is nonetheless properly

2   analyzed under Eighth Amendment standards.[3] *See id.*

3       Mere negligence in diagnosing or treating a medical condition, without more, does not

4   meet the Eighth Amendment deliberate indifference standard. *Hutchinson v. United States*, 838

5   F.2d 390, 394 (9th Cir.1988). As pled, plaintiff's complaint fails to support a claim that amounts

6   to more than mere negligence. At most, plaintiff appears to allege that the defendant was

7   negligent in monitoring his diabetic needs. To establish "deliberate indifference," a prisoner must

8   show that a specific defendant or defendants purposefully ignored or failed to respond to the

9   prisoner's pain or possible medical need. *Id.* at 104. A determination of "deliberate indifference"

10  involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and

11  (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059

12  (9th Cir. 1992). A prison official, accordingly, will not be found deliberately indifferent to a

13  prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to

14  inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both

15  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

16  exists, and he must also draw the inference." *Id.* Further, a prisoner can make no claim for

17  deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060;

18  *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).

19       The allegations in plaintiff's complaint are deficient because they lack detail and factual

20  support. Specifically, plaintiff appears to indicate that, at the time of his incarceration, he had

21  only recently been diagnosed with diabetes and was himself unaware of his own medical needs

22  related to his diabetes. It appears from plaintiff's complaint that he had not been told at the time

23

24   [3] It is unclear at this point from the complaint whether the plaintiff is currently a prisoner or a pretrial detainee.

25

1  of his diagnosis that he required insulin or blood sugar checks twice a day.

2  Given that plaintiff himself was unaware of his own medical needs it is unclear from

3  plaintiff's complaint to what extent defendant Balderrama was aware of plaintiff's condition.

4  Furthermore, while the outside medical provider indicated in November 2017 that plaintiff

5  should be receiving insulin and blood sugar checks twice a day, plaintiff offers no facts to

6  indicate that his diabetic condition was the same when he became incarcerated in March 2017 or

7  during the intervening months as it was in November 2017, or that defendant Balderrama was

8  aware of the severity of his condition and deliberately ignored or disregarded it.

9  Because plaintiff fails to set forth sufficient facts indicating that defendant Balderrama

10  was aware of a serious medical need, or that he in fact had such a need prior to November 2017,

11  he also fails to set forth facts which would support a claim that defendant Balderrama

12  purposefully ignored or failed to respond to plaintiff's possible medical need. In fact, plaintiff

13  appears to indicate that he began receiving regular insulin and blood sugar checks from the Jail

14  clinic in November 2017, after the outside medical source indicated he should be receiving such.

15  Furthermore, while the plaintiff alleges that defendant Balderrama did examine plaintiff

16  at some point, plaintiff appears to also allege defendant Balderrama told plaintiffs his blood

17  sugar was "good" and that he had "changed it from the outside doctor's advice to give insulin."

18  These facts fail to show defendant Balderrama was deliberately indifferent to plaintiff's serious

19  medical needs; rather, at most, plaintiff has alleged defendant Balderrama was negligent or

20  disagreed with the medical opinion of the outside doctor. Furthermore, plaintiff alleges that,

21  despite defendant Balderrama's statement, he has, in fact been receiving insulin and regular

22  blood sugar checks since November 2017.

23

24

25

1    If plaintiff intends to pursue a claim for deliberate indifference to a serious medical need,

2    he must file an amended complaint that includes facts sufficient to show that he had a serious

3    medical need, that the named defendant purposefully ignored or failed to respond to his serious

4    medical needs, and that the denial was harmful. Plaintiff must provide a short, plain statement

5    explaining *exactly* what the defendant did or failed to do and how the actions violated plaintiff's

6    constitutional rights and caused him harm. Until plaintiff has plainly stated what his claims are in

7    the manner described above, the Court cannot fully analyze whether he has stated a viable claim

8    under 42 U.S.C. § 1983.

9        Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff

10   may show cause why his complaint should not be dismissed or may file an amended complaint to

11   cure, if possible, the deficiencies noted herein, **on or before May 7, 2018**. If an amended

12   complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case

13   number. Any cause of action alleged in the original complaint that is not alleged in the amended

14   complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in*

15   *part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

16       The Court will screen the amended complaint to determine whether it states a claim for

17   relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to

18   adequately address the issues raised herein, the undersigned will recommend dismissal of this

19   action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28

20   U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions

21   or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to

22   state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*,

23   "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

24

25

1    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2    civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

3        Dated this 4th day of April, 2018.

4

5

6    *Theresa L. Fricke*
     Theresa L. Fricke

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25