UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABEL ROBINSON,<br><br>      Plaintiff,<br>  v.<br><br>MIGUEL BALDERRAMA,<br><br>      Defendant. | Case No. C17-6066-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>**Noted: February 1, 2019** |

This matter has been referred to the undersigned Magistrate Judge pursuant to *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976), 28 U.S.C. § 636(b)(1)(B), and Local Rule MJR 4(a)(4), and is before the Court on defendant Miguel Balderrama's motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6). Dkt. 16. Plaintiff is proceeding *pro se* and *in forma pauperis*. For the reasons set forth below, the undersigned recommends the Court grant defendant's motion.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff alleges he had recently been diagnosed with diabetes when he was booked into Pierce County Jail on March 9, 2017. Dkt. 8, pp. 1-4. Plaintiff contends the Pierce County Jail clinic has failed to meet his needs medically. *Id.* Plaintiff alleges he was given insulin twice between March 9, 2017 and April 3, 2017. *Id.* He contends he then went approximately 8 months without insulin. *Id.*

He alleges that on November 6, 2017, he went to an outside medical provider and learned that he was supposed to have been receiving insulin and having his blood checked twice a day.

REPORT AND RECOMMENDATION - 1

1  *Id.* Plaintiff states that, because he had only recently been diagnosed with diabetes when he
2  entered the jail, he was unaware of this and had no reason to doubt the treatment given from the
3  jail's clinic. *Id.*

4  Plaintiff alleges that on November 10, 2017, he asked a nurse to check his blood sugar
5  level during a Medpass. *Id.* He alleges that his blood sugar levels were 260 that day and 240 the
6  next, which he asserts are far too high. *Id.* Plaintiff indicates the nurse alerted the clinic, which
7  put him on blood sugar checks twice a day and insulin. *Id.* Plaintiff alleges he now suffers from
8  loss of eye sight. *Id.* Plaintiff contends that when he spoke to Dr. Balderrama, Dr. Balderrama
9  stated that plaintiff's blood sugar was "good" and that he "changed it from the outside doctor's
10 advice to give insulin." *Id.* Plaintiff states that even though Dr. Balderrama indicated his blood
11 sugar was "fine," plaintiff has been insulin dependent since bringing to Dr. Balderrama's
12 attention that his sugar levels were high and not being monitored. *Id.* Plaintiff indicates he is now
13 receiving insulin and blood sugar checks twice a day. *Id.* Plaintiff describes the medical care he
14 has received as "reckless and wanton." *Id.*

15 The Court previously found that plaintiff's claims did not meet the subjective standard
16 for an Eighth Amendment claim for inadequate medical care. Dkt. 12. The Court, however,
17 directed service of the complaint because it appeared that Mr. Robinson was a pre-trial detainee,
18 and thus subject to a less stringent objective standard for demonstrating inadequate medical care
19 under the Fourteenth Amendment. Dkt. 13 (citing *Gordon v. County of Orange*, 888 F.3d 118,
20 1124-25 (9th Cir. 2018)). The Court found that it was not clear the complaint failed to meet that
21 standard and so dismissal at the screening stage was not appropriate. *Id.* (citing 28 U.S.C.
22 §1915A(b)).

23
24
25

REPORT AND RECOMMENDATION - 2

Defendant filed a motion to dismiss the complaint for failure to state a claim. Dkt. 16. Mr. Robinson did not file a response brief. Defendant then filed a reply brief. Dkt. 20.

## DISCUSSION

A.     Standard of Review

A motion to dismiss can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint must be interpreted liberally. *Sause v. Bauer*, — U.S. —, 138 S.Ct. 2561, 2563 (2018). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A *pro se* complaint

may be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017).

In ruling on a Rule 12(b)(6) motion, a court may consider documents that are attached to or incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).

B.   Failure to Respond to Motion

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule (LCR) 7(b)(2). Before the Court grants a motion to dismiss on these grounds, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief. Plaintiff's failure to respond to the motion to dismiss suggests a lack of interest in pressing his case and a lack of belief in its merits. Further, there is no risk of prejudice to the defendant in granting his motion to dismiss. No less drastic sanction than dismissal appears to be available. Thus, although the public policy favoring disposal of cases on their merits weighs in favor of reaching the merits of this case, the other four factors strongly favor dismissal under LCR 7(b)(2).

1   Although the Court construes pleadings liberally in favor of pro se litigants, those

2  litigants are still bound by the rules of procedure. *Ghazali*, 46 F.3d at 54. Because the factors in

3  *Ghazali* weigh in favor of dismissal under LCR 7(b)(2) based on plaintiff's failure to respond to

4  the motions to dismiss, the Court should dismiss plaintiff's claims against Dr. Balderrama.

5   In addition, as discussed below, the Court should also find that the motion to dismiss

6  succeeds on its merits.

7  C.   Plaintiff's Claim of Inadequate Medical Care

8   Plaintiff filed his lawsuit under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. §

9  1983, a complaint must allege: (1) the conduct complained of was committed by a person acting

10 under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity

11 secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535

12 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

13 elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

14   It appears that plaintiff was a pre-trial detainee at the time of his complaint. Dkt. 8.

15 (Defendant confirms this in his brief. Dkt. 13, p. 1.) Claims for inadequate medical care of pre-

16 trial detainees arise under the Due Process Clause of the Fourteenth Amendment. *Gordon v.*

17 *County of Orange*, 888 F.3d 118, 1124-25 (9th Cir. 2018).

18   A pre-trial detainee must plead the following elements.

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. The third element requires only that defendant's conduct be

"objectively unreasonable." *Id.* Unlike Eighth Amendment claims, Fourteenth Amendment

claims do not require that the plaintiff establish that the defendant subjectively knew of an excessive risk to inmate health or safety. *Id.* Nonetheless, "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125.

Here, plaintiff's allegations are deficient because they lack detail and factual support regarding Dr. Balderrama's decisions, the risk of harm to plaintiff from those decisions, and any deficient treatment plaintiff received. Further, the exhibits plaintiff attached to and incorporated into his complaint undermine his Fourteenth Amendment claim rather than support it.

First, plaintiff fails to adequately plead that Dr. Balderrama made an intentional decision about plaintiff's conditions of confinement that allegedly put plaintiff at substantial risk of serious harm. Plaintiff states he was diabetic when he entered Pierce County Jail, that he received insulin twice in the first month he was there, and that for the next seven months he did not receive insulin. Dkt. 8, pp. 2-3. He does not allege that at the time of his diabetes diagnosis he required insulin or blood sugar checks twice a day.

Plaintiff also alleges that he visited an outside medical provider on November 6, 2011, who told him he needed twice daily insulin and blood checks. *Id.*, pp. 2-3 & Exhibit A. Although the outside medical provider indicated in November 2017 that plaintiff should be receiving insulin and blood sugar checks twice a day, plaintiff offers no facts to indicate that his diabetic condition was the same when he became incarcerated in March 2017 or in the intervening months (when he was not receiving insulin) as it was in November 2017. Even assuming that Dr. Balderrama made the decision not to give plaintiff insulin during those months, the facts alleged would not show that this decision put plaintiff at substantial risk of serious harm. *See Gordon*, 888 F.3d at 1125.

1    Nor does plaintiff allege facts that would show that Dr. Balderrama failed to take

2 reasonable measures to abate the risks of plaintiff's diabetes. The records that plaintiff

3 incorporates by reference in his complaint indicate that Dr. Balderrama was treating him for

4 several medical conditions, each requiring different interventions and consultation with

5 specialists. Dkt. 8, Exhibit B. Plaintiff indicates that he began receiving regular insulin and blood

6 sugar checks from the Pierce County Jail clinic in November 2017, consistent with the outside

7 medical provider's recommendation. Dkt. 8, pp. 2-3 & Exhibit B.

8    Plaintiff's allegations that Dr. Balderrama examined him at some point and told him his

9 blood sugar was "good" and "changed it from the outside doctor's advice to give insulin" do not

10 show that Dr. Balderrama's actions were unreasonable. This potentially shows that defendant

11 Balderrama disagreed with the medical opinion of the outside doctor; yet plaintiff's Fourteenth

12 Amendment claim requires a state of mind similar to "reckless disregard." *Gordon*, 888 F.3d at

13 1125. Despite the alleged statements by Dr. Balderrama, plaintiff also indicates that he actually

14 has been receiving insulin and regular blood sugar checks since November 2017. Dkt. 8, pp. 2-3

15 & Exhibit B.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court GRANT defendant's motion to dismiss (Dkt. 16) plaintiff's complaint.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*,

REPORT AND RECOMMENDATION - 7

474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **February 1, 2019**, as noted in the caption.

Dated this 15th day of January, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8